IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE STATE OF NEW MEXICO, by and through THE NEW MEXICO COMMISSION FOR THE BLIND and ROBERT VICK,<br><br>**Plaintiffs**<br><br>v.<br><br>THE UNITED STATES OF AMERICA, by and through the HONORABLE MARK ESPER, Secretary of Defense; and the HONORABLE BARBARA M. BARRETT, Secretary of the Air Force,<br><br>**Defendants.** | Civil No.: 1:20-cv-1096<br><br>**COMPLAINT AND REQUEST FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**<br><br>Judge: |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**NOW COME**, Plaintiffs, the STATE OF NEW MEXICO, by and through the New Mexico Commission for the Blind ("New Mexico") and Robert Vick (collectively, "Plaintiffs"), and file this Original Complaint and Request for a Temporary Restraining Order and Preliminary Injunctive Relief seeking, inter alia, to enjoin Defendants, the UNITED STATES OF AMERICA, from proceeding with any actions under Solicitation No.: FA940120R0014 (the "Solicitation") (or performance of any contract award thereto) for dining facility services at Kirtland Air Force Base ("Kirtland AFB"), New Mexico, until such time as the arbitration proceeding initiated by the STATE OF NEW MEXICO pursuant to the Randolph-Sheppard Act (the "Act"), 20 U.S.C. § 107 *et seq.* is concluded.

## I. SUMMARY

1.      Robert Vick, the blind vendor licensed by New Mexico has operated the dining

facility contracts at Kirtland AFB since February 2002 pursuant to the priority provided by the Act. Pursuant to the Act, blind vendors licensed by New Mexico have a prior right to operate the military dining facility contract at Kirtland AFB. The Air Force is charged with establishing Randolph-Sheppard vending facilities, such as cafeterias, wherever feasible. 20 U.S.C. § 107(b)(2). Indeed, this Court and United States Court of Appeals for the Tenth Circuit have previously ruled that the Act applies to Kirtland AFB's dining facility. *NISH v. Rumsfeld*, 348 F.3d 1263 (10th Cir. 2003).

2. On September 16, 2020, Kirtland AFB issued the Solicitation for Dining Facility Services. Although the Solicitation is for full food services, the Solicitation did not contain a priority for the Act and advised that it was restricting the Solicitation to 100% set-aside to small business. In response to questions posed by New Mexico, Kirtland AFB advised that New Mexico, an SLA, could submit a proposal but confirmed the Act's priority would not apply to the Solicitation because the Act does not satisfy the limitations stated in FAR 6.302-5(c), which are mandated by the Competition in Contracting Act.

3. Based on Kirtland AFB's answers, New Mexico determined that the Kirtland AFB violated the Act in this Solicitation and, on October 13, 2020, initiated an arbitration challenging the Solicitation pursuant to the Act. New Mexico forwarded a copy of the arbitration request to Kirtland AFB and requested that Kirtland AFB stay the solicitation until the conclusion of the arbitration. No one at Kirtland AFB has responded to this request and the Solicitation requires bids to be submitted by October 30, 2020.

4. New Mexico and Vick bring this action seeking injunctive relief to prevent Defendants from continuing their ongoing procurement of the Solicitation for the dining services contract at Kirtland AFB until such time as the Department of Education arbitration required by

the Act is concluded. Plaintiffs may need to seek a Temporary Restraining Order if Kirtland AFB did not exercise its discretion to delay the Solicitation pending a hearing on a preliminary injunction.

5. New Mexico and Vick will be irreparably harmed if the contract is awarded and transitioned prior to the conclusion of arbitration initiated by New Mexico with the Department of Education to confirm the Act's applicability to the Solicitation. Accordingly, Plaintiffs are entitled to an injunction until the conclusion of the Department of Education arbitration.

## II.  PARTIES

6. Plaintiff, the State of New Mexico, by and through the New Mexico Commission for the Blind, is a New Mexico state agency and the State Licensing Agency ("SLA") under the Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq.* and its implementing regulations.

7. Plaintiff, Robert Vick, is a citizen of the State of New Mexico and is New Mexico's licensed blind vendor and is currently operating the dining facility contract at Kirtland AFB.

8. Defendant, the UNITED STATES OF AMERICA, is acting by and through the Honorable Mark T. Esper, acting Secretary of Defense, and the Honorable Barbara M. Barrett, Secretary of the Air Force. Secretaries Esper and Barrett, are acting by and through, Ms. Katherine Parker, the Contracting Officer assigned to this procurement. Secretaries Esper and Barrett will be served with a copy of the instant Complaint by delivering same to the United States Attorney for the State of New Mexico. Additionally, service is to be accomplished on Defendants by sending a copy of the summons and complaint via certified mail to (1) the civil process clerk at the United States Attorneys' Office, (2) the Attorney General of the United States in Washington D.C., and (3) to Secretaries Esper and Barrett.

### III. JURISDICTION

9. As recently affirmed by the Tenth Circuit, jurisdiction is proper in this Court under 28 U.S.C. §§ 1346, 1331 (arising from the Randolph Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.*) and 5 U.S.C. §§ 701 *et seq.* (judicial review of federal agency action). *See Kansas v. SourceAmerica*, 874 F.3d 1226, 1251 (10th Cir. 2017).

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this civil action arises under the laws of the United States, namely the Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq.*, as amended; and applicable federal regulations.

11. Jurisdiction is also proper in this court under the All Writs Act, 28 U.S.C. § 1651, which authorizes federal courts "to issue all writs necessary or appropriate in and of their respective jurisdictions and agreeable to the usages of principles of law."

12. The arbitration initiated by New Mexico pursuant to the Act does not act as a bar to this Court's jurisdiction over the issues presented in this Complaint. *See Kentucky v. United States, ex rel. Hagel*, 759 F.3d 588, 597-599 (6th Cir. 2014) (finding that completing arbitration under the Act is not a jurisdictional prerequisite). Additionally, failure to complete the arbitration before the filing of this Complaint is not a jurisdictional prerequisite either. *Id.* at 599-600.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1331 in that a substantial part of the events giving rise to this action occurred in New Mexico. Specifically, the contract sought to be awarded will be performed at Kirtland AFB.

### IV. NATURE OF THE CASE

14. The Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.* was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. *See* 20 U.S.C. §§ 107(a) (describing the Act's purpose and authorization). Pursuant to the Act, federal agencies have an affirmative obligation to establish

vending facilities for blind licensees on all federal property to the extent the facilities would not adversely affect the interests of the United States. *Id*. at § 107(b).

15. In furtherance of these objectives, Congress mandated that priority be given to the appropriate SLA and its licensed blind vendor on all contracts for cafeteria operation services on Federal property. *See* 20 U.S.C. §§ 107(b). The New Mexico Commission for the Blind is the SLA for New Mexico under the Act and Mr. Robert Vick is the licensed blind vendor chosen by New Mexico. The blind vendor has a prior right to operate these contracts pursuant to the Act.

16. Mr. Vick is the incumbent contractor and has been operating the contracts for two decades. Mr. Vick is currently operating under a bridge contract.

17. Prior to October 1, 2000, the cafeterias at Kirtland AFB were operated directly by the military. *NISH*, 348 F.3d at 1266. In October 2000, Kirtland AFB issued a Solicitation for the full food services at the base and during the advance stages of that solicitation Kirtland AFB determined the Act applied to the contract. *Id*. On September 20, 2001, Vick submitted a bid under the Act on behalf of New Mexico, which was ultimately awarded to New Mexico. *Id*. One of the losing bidders brought suit against the Air Force seeking declaratory and injunctive relief to enjoin Kirtland AFB from applying the cafeteria priority provision of the Act to the solicitation. *Id*. at 1264. One of the arguments made by plaintiffs in that case was that Act could not apply to the dining facility at Kirtland AFB because the Act does not contain an exemption from the procurement provision of the Competition in Contracting Act. *Id*. at 1271.

18. The district court granted and the Tenth Circuit affirmed the Air Force's motion for summary judgment finding the Act applied to the dining facility at Kirtland AFB. *Id*. at 1272. Since that time, Kirtland AFB has recognized the Act's priority for cafeterias applies to its dining facility contracts, and Vick and New Mexico have operated the Kirtland AFB dining facility

contracts. The Solicitation is for the same services covered by the previous dining services contract for which the Act applies. Now Kirtland AFB claims the Act does not apply because the Act does not contain an exemption from the procurement provision of the Competition in Contracting Act. This is the same issue has already been litigated and decided by this Court and the Tenth Circuit in the *NISH*.

19. The Act provides that if New Mexico determines that Defendants are failing to comply with the provisions of the Act, New Mexico may file a complaint for arbitration with the Secretary of Education.

20. By letter dated October 13, 2020, New Mexico initiated its complaint for arbitration with the DOE Secretary challenging the Defendants' decision to eliminate the Randolph-Sheppard opportunities at Kirtland AFB.

## V. FACTUAL AND PROCEDURAL BACKGROUND

### A. Randolph-Sheppard Act.

21. Pursuant to the Act, federal agencies have an affirmative obligation to establish vending facilities for blind licensees on all federal property, such as the military dining facility on Kirtland AFB, to the extent the operation of these facilities would not adversely affect the interests of the United States. *See* 20 U.S.C. § 107(b).

22. The Act allows Defendants to directly negotiate with Plaintiffs for dining facility contracts without competitive procurement. If direct negotiations are not conducted, then the Act requires Defendants to conduct a solicitation pursuant to the Act's competitive provisions to determine if the operations can be provided at a reasonable cost with food of a high quality when compared to that currently provided. *See* 34 C.F.R. §§ 395.33(a); (d).

23. If the SLA provides a proposal judged to be within a competitive range, then the executive agency awards the contract to the SLA. *See* 34 C.F.R. §§ 395.33(b). This is the process

by which Plaintiffs secured contracts on Kirtland AFB since 2002.

24. Plaintiffs have operated dining facility contracts at Kirtland AFB for two decades and there is no question they can provide quality service. Similarly, Plaintiffs have been providing the dining facility services at a reasonable cost since 2002.

25. The Act further requires an arbitration through the DOE Secretary whenever the SLA decides that an executive agency failed to comply with the Act or "any regulations issued thereunder." 20 U.S.C. §107d-1(b); *see also,* 20 U.S.C. §107d-2. New Mexico made that determination and requested arbitration.

**B.     Solicitation.**

26. On September 16, 2020, Defendants issued a procurement for food services at Kirtland AFB under the Solicitation. As in the many previous food services contracts at Kirtland AFB performed by Plaintiffs, the Performance Work Statement for this Solicitation described the work required of the contractor. The services required for the Solicitation are nearly identical to the ones listed in previous performance work statements for contracts to perform the food services at Kirtland AFB.

27. The Solicitation did not include any language regarding the Act and its application to the contract. Additionally, the Evaluation Addendum to the Solicitation stated: "This is a 100% small business set-aside competitive acquisition." The absence of any language from the Act in the Solicitation caused New Mexico to reach out to the Contracting Officers and others at Kirtland AFB to confirm the application of the Act to the Solicitation.

28. New Mexico submitted questions to Kirtland regarding the applicability of the Act to the Solicitation. New Mexico did not receive a response from Kirtland AFB and, on October 13, 2020, New Mexico ultimately filed a demand for arbitration with the Department of

Education. Later that same day, Kirtland AFB responded to inquiries regarding the Solicitation and provided the following responses to two questions concerning the applicability of the Act:

> 5. In the Draft RFP Q&A, it was stated that this solicitation is NOT subject to Randolph Sheppard. Can you explain WHY it is not and affirm that it is still not subject to RSA?
> - The Federal Acquisition Regulation (FAR) does not prescribe a set aside or preference/priority on the basis of the Randolph-Sheppard Act. Competition is required because the Randolph-Sheppard Act does not satisfy the limitations stated in FAR 6.302-5(c), which are mandated by the Competition in Contracting Act (CICA).
>
> 6. If it is not RSA subject, would a blind vendor, not associated with the New Mexico SLA, be entitled to any special considerations?
> - There are no special considerations for blind vendors. This acquisition is a 100% small business set-aside in accordance with FAR Part 19. Please note that the Government Accountability Office (GAO), with input from the Small Business Administration (SBA), has ruled that SLAs are allowed to submit an offer on RFPs that are set aside for small businesses.

29. Kirtland AFB's claim that the Act does not apply because the Act does not satisfy the limitations in FAR 6.302-5(c) and its reliance of the Competition in Contracting Act are in direct contradiction to *NISH*. New Mexico reached out to Kirtland AFB asking if it would delay the Solicitation until the arbitration was concluded. At the time of filing, Kirtland AFB has not responded to the request.

**C.** **<u>Violations of the Act, its implementing regulations, and the resulting impact to New Mexico and Vick.</u>**

30. Under the Act, Kirtland AFB was obligated to give priority to New Mexico and Vick to operate the dining facility contract. 20 U.S.C. § 107 and 34 C.F.R. § 395.33. The feasibility standard for cafeterias is if the blind vendor can provide satisfactory service at a reasonable price. *Id.* at 107d-3(e).

31. Plaintiffs aver that, in violation of the Act, Defendants made an incorrect determination that the priority of the Act would no longer apply to the food services contract at Kirtland AFB.

8

32. Profits from the Kirtland AFB food services contract constitute the primary source of business income for Vick.

33. Losing the Kirtland AFB contract would mean that Vick would have to shut down his business.

34. Additionally, pursuant to the Act, 20 U.S.C. § 107b(3), New Mexico receives from Vick set-aside fee based upon Vick's profits from the operation of the Kirtland AFB food services contract. These set aside funds derived from the Kirtland AFB food services contract are used by New Mexico to support other programs for the blind vendors in New Mexico, such as the repair and replacement of outdated equipment for its blind vendors. The food services contract at Kirtland AFB is one of the largest contracts available to New Mexico under the Act and loss of the fees it generates for New Mexico would impose a significant financial hardship upon the state.

35. There is an advantage to bidding on a contract as the incumbent for that contract. The incumbent knows the most about the contract, has experience working with the contract and has a team assembled to work on the contract. The incumbent has no start-up cost to assemble that team.

36. Should the contract be awarded to another bidder in violation of the Act, Plaintiffs will lose a substantial number of team members from Vick's team of workers that are currently performing under the incumbent contract. Vick will lose a team of valued individuals that took years for it to develop and who have assisted Vick in successfully operating at Kirtland AFB for two decades. If Plaintiffs are not granted an injunction, Vick will have substantial recruiting costs and rehiring costs as he attempts to rebuild his team after the conclusion of the pending arbitration. In all probability, Vick will not be able to restore its team to its original composition

and experience.

37. Not only will Vick lose a highly skilled workforce, but he will also lose the advantage he earned as an incumbent contractor. These losses would significantly impact Plaintiffs' competitiveness on future procurements. As a result, upon any future solicitations, Plaintiffs would need to increase pricing to cover phase-in costs and include in any future proposals the increase in unemployment insurance rates that it will most certainly experience. Ultimately, these losses will only serve to make Plaintiffs less competitive on any future solicitations, thereby significantly impairing their future business prospects.

38. Plaintiffs have no adequate remedy at law for being wrongfully deprived of the Kirtland AFB food services contract.

39. Plaintiffs will suffer irreparable harm if award of the contract is made to another offeror in violation of the Act and implementing regulations. Absent injunctive relief, this irreparable harm manifests itself in at least one or more of the following forms: (i) Plaintiffs will be wrongfully deprived of a meaningful arbitration in accordance with the Act especially where, as here, Plaintiffs are likely to regain eligibility for their priority under the Act to this contract award; (ii) revenue from the food services contract at Kirtland AFB represents Vick's primary income; (iii) the set-aside that New Mexico receives from net proceeds of Kirtland AFB food services contract will no longer be available to New Mexico and cannot be replaced to support other New Mexico programs critical to the New Mexico blind, and New Mexico and Vick will lose the advantages to bidding on a new contract as the incumbent.

**D.** **Arbitration demand.**

40. By letter dated October 13, 2020, New Mexico initiated the required arbitration by filing a request for arbitration with the United States Department of Education, Rehabilitation

Services Administration. The arbitration demand challenges Defendants' failure to apply the Act's priority to the Solicitation.

**E.** **<u>Injunctive relief requested is necessary to adequately address the irreparable harm</u>.**

41. Based on allegations of this Complaint, Plaintiffs have the substantial likelihood of success on the merits that:

   a) Defendants violated the Act by failing to give the Act's priority to the Solicitation;

   b) Without injunctive relief, Plaintiffs have no adequate remedy at law when they prevail in the arbitration;

   c) Defendants must be enjoined from proceeding with the Solicitation until the DOE arbitration has been conducted and decision rendered subject to judicial review as to whether Defendants violated the Act.

42. Defendants will not be harmed by an injunction because New Mexico, through Vick, is currently performing quality food service at a fair price at Kirtland AFB and will continue to do so without interruption until a lawful contract award can be made in accordance with the subject Solicitation and the Act.

43. An injunction serves the public interest by enforcing the arbitration rights granted by Congress under the Act, by furthering the purposes of the Act in preserving the status quo until a decision by the DOE arbitration panel, by preserving this Court's power of review under the Administrative Procedure Act ("APA") of the arbitration decision which is a "final agency action" for purposes of the APA, and by ensuring that contract awards by federal agencies are lawfully made.

**VI.**
**<u>COUNT I:</u>**
**<u>Plaintiffs are Entitled to Injunctive Relief Pursuant to the All Writs Act</u>.**

44. The allegations set forth in the preceding paragraphs of this Complaint are incorporated by reference herein in their entirety into Count I.

45. The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While there is some general hesitancy to review non-final administrative action, courts have found authority under the Act to issue writs of mandamus and injunctions to agencies to compel action or suspend the enforceability of preliminary decisions while parties pursue administrative appeals. *See* 28 U.S.C. § 1651; *see also* 16 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3942 (3d ed. 2012) ("A substantial number of cases recognize power in the courts of appeals to intervene under the All Writs Act without the pretense of characterizing agency action as final." (footnote omitted)).

46. Here the Act mandates that SLAs resolve their disputes with executive agencies through arbitration with the DOE Secretary. 20 U.S.C. §107d-1(b); *see also*, 20 U.S.C. §107d-2. The Act further says that after the DOE arbitration panel gives notice, conducts a hearing and renders a decision, that decision is a final agency decision subject to review under the APA. *See* 20 U.S.C. §107d-2(a).

47. Therefore, once the DOE arbitration panel issues its decision, this Court would have jurisdiction over that DOE arbitration decision as final agency decision subject to APA review. 5 U.S.C. §§701-706.

48. The United States Supreme Court recognized in *Arrow Transportation Co. v. Southern Railway* the All Writs Act's power to "preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action." 372 U.S. 658, 671 n.22 (1963).

49. For a district court to issue a writ under the All Writs Act, three elements must be satisfied. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004). First, "the party seeking issuance of the writ [must] have no other adequate means to

attain the relief he desires." *Id.* This condition is "designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* "Second, the party seeking the writ must meet its 'burden of showing that [its] right to issuance of the writ is clear and indisputable,'" *Id.* at 381. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. Here, Plaintiffs meet all three requirements.

50. First, as alleged above Plaintiffs have no adequate remedy should the Defendants proceed with award and begin contract performance. The loss of the Kirtland AFB contract resulting from an improper application of the Act will cause irreparable harm to Plaintiffs.

51. Second, there are clear violations of the Act and its implementing regulations.

52. Third, the injunctive relief sought herein is necessary to preserve the *status quo* and allow New Mexico to exercise its statutory rights under the Act. This is precisely the situation which requires this Court's discretion to prevent an otherwise improper award and allow New Mexico to seek a proper remedy under the Act.

## VII.
## COUNT II:
## Plaintiffs are Entitled to Injunctive Relief Based on Clear and Prejudicial Violations of the Act.

53. The allegations set forth in the preceding paragraphs of this Complaint are incorporated by reference herein in their entirety into Count II.

54. Pursuant to FED. R. CIV. P. 65, Plaintiffs ask this Court to issue a temporary restraining order and preliminary injunction enjoining Defendants from proceeding with the procurement while the arbitration is pending before the Department of Education.

55. In deciding whether to grant preliminary injunctive relief, the Court considers four factors: (1) Plaintiffs' likelihood of success on the merits; (2) whether Plaintiffs may suffer

irreparable harm absent the injunction; (3) whether granting the injunction will cause harm to others; and (4) the impact of an injunction upon the public interest. *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015); *Att'y Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). No single factor is dispositive. Trial courts are to balance the four factors and not consider them prerequisites to the issuance of a preliminary injunction.

A. **New Mexico is likely to succeed on the merits of the Arbitration.**

    *1.    The Solicitation is subject to the Act.*

    56.    New Mexico is likely to prevail on the merits of the arbitration. The violations of the Act are clear and are proven by the undisputed actions of the Defendants.

    57.    The Department of Defense has explained that historically, the military Services have operated dining facilities using in-house (active duty or DOD civilian) personnel. With the end of the Cold War and DOD's goals to downsize and reshape force structures, DOD began to outsource some of the services that support the operation of military dining facilities. Because of the 1974 Amendments to the Act and the addition of "operation of cafeterias" to the scope of "vending facilities," SLAs like New Mexico were awarded contracts for the operation of military dining facilities.

    58.    The Air Force is charged with establishing Randolph-Sheppard vending facilities, such as cafeterias, wherever feasible. 20 U.S.C. § 107(b)(2). DOD has consistently applied the priority of the Act to dining facility contracts of this nature.

    59.    Additionally, the Tenth Circuit has previously held that the dining facility at Kirtland AFB was subject to the Act. *NISH*, 348 F.3d at 1272. Indeed, the Tenth Circuit's opinion directly refuted the position taken by Kirtland AFB concerning the Act and the

14

Competition in Contracting Act ("CICA"). *Id*. at 1271-72. The Tenth Circuit held that the Act is an exception to the open competition requirement of the CICA. *Id*. at 1272. The Tenth Circuit further held that to the extent any conflict exists between the Act and JWOD Act, "the RS Act must control." *Id*. Accordingly, Kirtland AFB is wrong on the Act's applicability to the Solicitation.

60. The Solicitation provides the same tasks to prepare, cook, serve and replenish food in the same cafeteria setting as Plaintiffs have operated for years. Based on the above guidelines from the Department of Defense and *NISH*, the Solicitation is subject to the Act and New Mexico will prevail at its arbitration.

**B.** **Plaintiffs will suffer irreparable harm if an injunction is not issued.**

61. Plaintiffs will be irreparably harmed should Defendants continue with this Solicitation in violation of the Act. The food service contract at Kirtland AFB represents a significant source of revenue for New Mexico and Vick. Sovereign immunity bars an award to Plaintiffs for monetary damages for a violation of the Act. Therefore, Plaintiffs have no recourse if they are not able to enjoin Defendants from awarding the Solicitation pending the outcome of the arbitration.

62. Additionally, Plaintiffs will suffer irreparable harm that cannot be compensated in money damages should Defendants award and transition this contract before the DOE arbitration proceeding is concluded. Plaintiffs will lose their status as the incumbent contractor and will also lose a substantial number of team members from the team of workers currently performing under the incumbent contract. Loss of incumbent status constitutes irreparable harm.

63. New Mexico will also suffer irreparable harm by being denied the contract priority right that Congress established for it under the Act. The denial of this right cannot be fully compensated by money damages. Furthermore, public policy favors economic stability and

opportunities for the blind, matters not otherwise compensable by monetary damages.

**C.      Granting the injunction will not cause harm to others.**

64.     There will not be substantial harm to Defendants or others during the time a preliminary injunction is in effect. Plaintiffs can and will continue to provide all required full food services at Kirtland AFB until such time as the DOE arbitration concludes and will do so under the terms of the incumbent contract.

65.     This does not prejudice Defendants or require that Defendants violate other procurement laws since the Act expressly permits Defendants to enter into direct negotiations with Plaintiffs for continued services, if necessary. *See* 34 C.F.R. § 395.33(d).

**D.      Impact of an injunction upon the public interest.**

66.     The impact on the public's interest is adverse only if a preliminary injunction is not issued. During the time an injunction is in place, the immediate "public", that is, Defendants, will continue to receive the same full food services from Plaintiffs that it currently receives. Benefits to the wider public would continue to be served during the time an injunction is in effect, as the purposes of the Act to provide gainful employment for qualified blind vendors would continue to be fulfilled.

67.     Furthermore, the public interest is met by allowing New Mexico the time necessary to resolve its dispute with Defendants through the arbitration procedure mandated by Congress under the Act. Here, the only effect of granting a temporary restraining order and preliminary injunction will be to preserve the status quo pending the outcome of the arbitration with Defendants. Thus, all the equities and other relevant factors weigh heavily in favor of granting the requested injunction. Plaintiffs have everything to lose if this relief is not granted, but Defendants will lose nothing if an injunction is granted.

68.     For the foregoing reasons, Plaintiffs respectfully submit that no bond or security

is necessary for a Preliminary Injunction to issue and requests that such requirement under FED. R. CIV. PROC. 65(c) be waived.

## VIII.
## PRAYER

Plaintiffs seek the following relief with this Complaint:

1. A temporary restraining order and preliminary injunctive relief which enjoins Defendants, its agencies and departments, from continuing with the ongoing procurement activity identified in Solicitation No. FA940120R0014, including making any award in connection with the Solicitation until such time as the DOE arbitration proceeding required by the Act is concluded; and

2. Plaintiffs also request such relief as this Court deems just and appropriate.

Dated: October 23, 2020.

Respectfully submitted,

 /s/ John G. Travers
John G. Travers
New Mexico Bar No. 6315
**JOHN G. TRAVERS ATTORNEY AT LAW LLC**
304 Washington Street SE
Albuquerque, New Mexico 87108-2735
(505) 910-4571
Travers.john63@yahoo.com

**COUNSEL FOR PLAINTIFFS**

NON-ADMITTED COUNSEL FOR PLAINTIFFS:
WINSTEAD PC
Peter A. Nolan
Texas Bar No. 15062600
pnolan@winstead.com
Andrew J. Schumacher
State Bar No. 24051310
aschumacher@winstead.com
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800
(512) 370-2850 (Facsimile)